IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP. and TURN TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No. 23-647-CFC |

## MEMORANDUM ORDER

Plaintiff has sued Defendants First Advantage Background Services Corp. and Turn Technologies, Inc. under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.* Plaintiff alleges that Defendants identified in background reports they provided to Plaintiff's potential employers records of Plaintiff's criminal convictions that had been expunged. D.I. 1 at 1. Pending before me is Plaintiff's Motion to Proceed Under Pseudonym or, in the Alternative, For Entry of a Protective Order (D.I. 3).

Under Rule 10(a) of the Federal Rules of Civil Procedure, parties to a lawsuit must identify themselves in their respective pleadings. *See* Fed. R. Civ. P. 10(a). Rule 10(a) "illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408

(3d Cir. 2011) (internal quotation marks and citation omitted). As the court held in *Megless*, two important rights—the public's "right to know who is using [its] courts" and defendants' "right to confront their accusers"—go unheeded when a plaintiff uses a pseudonym in a lawsuit. *Id.*

Nevertheless, "in exceptional cases courts have allowed a party to proceed [pseudo]nymously." *Id.* (citation omitted). Courts, for example, have allowed parties to litigate under pseudonyms in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id.* (quotation and citation omitted).

In the Third Circuit, to litigate under a pseudonym, a plaintiff must show (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. *Id.* "That a plaintiff may suffer embarrassment or economic harm is not enough." *Id.* (citation omitted). Once a party successfully makes a showing of reasonable fear of severe harm from litigating without a pseudonym, courts are to consider a variety of factors that "balance [the] plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* (citation omitted). I need not consider those factors here, however, because Plaintiff has not made the requisite showing of a reasonable fear of severe harm. *See id.* at 408–10; *see also Strike 3 Holdings, LLC v. Doe*, 2023 WL 3749969, at *3 (D. N.J. June 1, 2023) ("Plaintiff's motion to maintain Defendant's pseudonym identifier must be denied

because it fails to satisfy the threshold showing of a reasonable fear of severe harm. The Court notes that Plaintiff completely sidesteps this requisite showing in its brief, and instead, focuses solely on the multi-factor balancing test that would ordinarily follow it."); *Doe v. Oeser*, 2023 WL 1954695, at *1 (E.D. Pa. Jan. 11, 2023) ("The Court need not consider [the *Megless*] factors at this time, however, because Ms. Doe has not made the requisite showing of a reasonable fear of severe harm.").

Plaintiff argues that revealing his identity in this case will "cause certain and severe harm . . . to the point that [he] will need to decide if he values his privacy more than the vindication of his rights under the FCRA." D.I. 3 at 7. But the only harm he specifically identifies is the possibility that potential employers will learn that he has expunged convictions and decide based on that knowledge not to hire him. *See* D.I. 3 at 7 (stating that requiring Plaintiff to comply with Rule 10(a) and litigate this case in his name "will likely negatively impact future employment opportunities"). That potential economic harm, however, is insufficient to overcome the public's right to know who is using its courts. *See Megless*, 654 F.3d at 408 (holding that the fact "[t]hat a plaintiff may suffer embarrassment or economic harm is not enough" to justify litigating under a pseudonym) (citation omitted).

Plaintiff intimates that the disclosure of an expunged conviction is *per se* a severe harm. *See* D.I. 13 at 1 (arguing that disclosure of Plaintiff's identity here would "permit the double violation of Plaintiff's state and federal rights by publicly linking Plaintiff's personal identifiers to criminal records that were expunged by operation of state law"). But the disclosure of the historical fact that a person was convicted *in public proceedings* of a crime does not reveal intimate or highly sensitive information. "An expungement order eliminates the legal record of an event, but it does not erase history." *Doyduk v. Att'y Gen. United States*, 66 F.4th 132, 134 (3d Cir. 2023).

For these reasons, I will deny Plaintiff's request to litigate under a pseudonym. For these same reasons, I will deny Plaintiff's "alternative" request for a protective order "to permit him to proceed in this Court in pseudonym." D.I. 3 at 7. Finally, to the extent Plaintiff seeks a protective order to prevent the disclosure of his personal identifying information, *see* D.I. 3 at 7–8, I will deny the request as moot since Rule 5.2(a) affords him that protection. *See* Fed. R. Civ. P. 5.2(a).

NOW THEREFORE, at Wilmington on this Twentieth day of March in 2024, it is HEREBY ORDERED that Plaintiff John Doe's Motion to Proceed Under Pseudonym, or, in the Alternative, For Entry of a Protective Order (D.I. 3) is DENIED. It is FURTHER ORDERED that Plaintiff shall file no later than

April 19, 2024 an amended complaint that complies with Rule 10(a) and identifies Plaintiff by his real name. Should Plaintiff fail to file an amended complaint by April 19, 2024 consistent with this Memorandum Order, the Court will dismiss the case with prejudice.

                                                                           _____
                                                                               CHIEF JUDGE